J. Russell Stedman (117130), rstedman@bargerwolen.com
Travis R. Wall (191662), twall@bargerwolen.com
Peter J. Felsenfeld (260433), pfelsenfeld@bargerwolen.com
BARGER & WOLEN LLP
650 California Street, 9th Floor
San Francisco, California 94108-2713
Telephone: (415) 434-2800
Facsimile: (415) 434-2533

Attorneys for Defendant
New York Life Investment Management LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TERRA INSURANCE COMPANY (A Risk Retention Group),<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK LIFE INVESTMENT MANAGEMENT LLC,<br><br>Defendant. | CASE NO. C 09-01609 WHA<br><br>**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE FIRST, SECOND AND THIRD CLAIMS FOR RELIEF IN PLAINTIFF'S COMPLAINT AND MOTION TO STRIKE**<br><br>**FRCP 12(b)(6), 12(f)**<br><br>Date: July30, 2009<br>Time: 8:00 AM<br><br>Courtroom 9, 19th Floor<br><br>The Honorable William Alsup |

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DEFENDANT'S REPLY MEMORANDUM FOR MOTION TO DISMISS AND TO STRIKE
CASE NO. C 09-01609 WHA

## 1. INTRODUCTION

Terra Insurance Company's opposition brief suffers from the same fundamental defect as its complaint – plaintiff's arguments are all built on demonstrably false allegations about the "quality tilt." Terra's insistence on misrepresenting the nature of the program is understandable. Plaintiff does not want to describe the quality tilt and the rationale behind it accurately because the content of the quality tilt documents conclusively defeats all of its fraud-based claims.

Plaintiff readily admits that it premises all fraud claims on information discovered in the quality tilt documents. Thus, Terra's claim continues to be that it inquired as to whether it should reduce or eliminate its equity holdings and that NYL Investments responded that the economy was "fundamentally sound" and recommended that Terra maintain or increase its equity positions. Terra contends that these statements were false because NYL Investments internally had concluded that it would be prudent for investors to sell their equity positions due to concerns about the stock market and that NYL Investments, in fact, had begun to convert its own assets into U.S Treasuries.

Like the complaint, the only "facts" Terra's opposition provides to support these claims derive from reports Terra claims it discovered regarding the "quality tilt." The materials on which Terra relies do not support any allegations underlying the fraud claims. Plaintiff refuses to acknowledge that the quality tilt involved assets of New York Life Insurance Company ("New York Life"), not of NYL Investments, and wholly fails to address NYL Investments' compelling argument that it had no duty – and may have been prohibited from – disclosing New York Life Insurance Company's investment strategies to Terra.

Plaintiff persists in arguing that the quality tilt involved modifications to equity investments. In reality, it reflected a marginal 2% "tilt" that New York Life made to its fixed income holdings as a hedge against the risk of corporate bond defaults. There is no basis to infer from this fixed income program that NYL Investments internally concluded that investors should get out of equities altogether but fraudulently induced Terra to maintain its equity positions.

The complaint and opposition brief offer no facts to support plaintiff's fraud theory, other than plaintiff's false characterizations of the quality tilt, and Terra does not seek leave to amend to allege any new facts. This is a concession that plaintiff has no other basis to support its claims.

1

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA  94108
(415) 434-2800

DEFENDANT'S REPLY MEMORANDUM FOR MOTION TO DISMISS AND TO STRIKE
CASE NO. C 09-01609 WHA

Because Terra's fraud allegations fail as a matter of law and because Terra has not offered any additional facts to support its theories, the fraud claims should be dismissed without leave to amend.

The court should also strike all quality tilt allegations in their entirety, including those in the non-fraud claims for relief. Terra has no factual basis to make these allegations, which Terra asserts with an eye towards conducting intrusive and unnecessary discovery into the activities of NYL Investments and its parent company. A court, however, should not unlock the doors of discovery for a plaintiff armed only with groundless allegations. All averments regarding the quality tilt should be stricken in their entirety.

## 2.   DISCUSSION

### A. Plaintiff has not Adequately Alleged Intentional Misrepresentation

#### (1) The Opposition Brief Repeats the Same False Allegations that Terra Asserts in its Complaint

Desperate to find some theory to distinguish its claims from a run-of-the mill market loss claim, plaintiff has latched onto the quality tilt. Because the actual facts of the program do not support plaintiff's contentions, Terra resorts to distortions and misrepresentations in a vain attempt to state a claim.

Plaintiff's opposition papers repeat the same falsehoods as its complaint, a tacit acknowledgement that plaintiff believes it can only state a claim by incorrectly characterizing the facts. Terra alleges that the quality tilt: (1) concerned changes to NYL Investments' own assets and (2) involved the conversion of equity holdings into U.S. Treasuries due to fears of an impending stock market collapse. Both of these allegations are contradicted by the very documents on which Terra relies in its complaint.

The quality tilt was an investment program that New York Life Insurance Company, NYL Investments' parent company, implemented for its general account and had nothing to do with NYL Investments' own assets. This fact is unassailable, and Terra has no basis to allege otherwise. Terra ignores this issue entirely and continues to recite this false contention throughout its opposition. The obvious intention is to use the falsehood as a rhetorical device to paint NYL Investments as engaging in self dealing – NYL Investments supposedly was selling its own

2

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DEFENDANT'S REPLY MEMORANDUM FOR MOTION TO DISMISS AND TO STRIKE
CASE NO. C 09-01609 WHA

equity investments at a time it was recommending that Terra maintain its positions. Plaintiff's allegations about supposed changes to NYL Investments' "own assets" are groundless.

The quality tilt not only involved a separate entity's funds, but had nothing to do with equity holdings or the equity markets in general. These facts are inconvenient for Terra, so plaintiff attempts to portray the quality tilt as something it is not. Selectively quoting a few isolated phrases, the opposition insinuates that the quality tilt reflected NYL Investments' belief that the stock market would collapse and that investors should eliminate their equity holdings. In support of this claim, Terra cites text from the introduction to New York Life's 2007 Annual Report indicating that New York Life believed that the "markets were acting irrationally" and that there was an "unfavorable market environment." Opposition at 11. Yet, the next sentences in the introduction clarify what these "irrational" and "unfavorable" market conditions were: "a trend towards weaker underwriting standards for all forms of debt" and "investment returns that were not commensurate with that risk." *Id.*; *see also* Wall Decl., Ex. 3 at 2. In other words, New York Life questioned the accuracy of corporate bonds ratings and believed that the spreads on these bonds were not commensurate with the risk of default.

Moreover, the introduction is a general discussion, which then refers the reader to a section entitled, "Special Report," beginning on page 6. Wall Decl., Ex. 3 at 2. In that section, Gary Wendlandt, New York Life's Chief Investment Officer, describes in more detail the rationale behind the quality tilt. Wall Decl. Ex. 3 at 6. The confined scope of the program is confirmed by the limited changes New York Life implemented as a response to these "unfavorable" market conditions. New York Life decided to direct a portion of its investible cash flow from certain lower grade corporate bonds into higher grade bonds and U.S. Treasuries. *Id.* at 7, 19. As a result, the percentage of U.S. Treasuries in New York Life's fixed income portfolio increased by 2%. *Id.* at 19. This adjustment had nothing to do with equities. There is no suggestion in the quality tilt materials that NYL Investments believed it was prudent for investors to liquidate equity holdings.

Terra takes the remarkable position that the court may not consider the actual facts of the program as described in the Annual Report and that the court must accept Terra's selective and false characterizations at face value. In opposition, Terra suggests that the court may only take judicial

3

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DEFENDANT'S REPLY MEMORANDUM FOR MOTION TO DISMISS AND TO STRIKE
CASE NO. C 09-01609 WHA

notice of the existence of the quality tilt documents on which Terra relies but not the truth of their contents. *See* Plaintiff's Objections to Defendant's Request for Judicial Notice. Terra also contends that the court may consider only Gary Wendlandt's "Special Report" section and nothing else, even though Terra itself relies on other sections of New York Life's Annual Report, including the introductory comments. *Id.* at 2-3 (contending that the court may only consider the "Special Report" section). *Compare* Complaint ¶ 44 (quoting from introduction to Annual Report) and Opposition at 11 (same) *with* Wall Decl., Ex. 3 at 2.

Plaintiff's objections conflate two separate doctrines. The court may consider the Annual Report under the incorporation by reference doctrine, which is distinct from the concept of judicial notice. The incorporation by reference doctrine permits a district court to consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Securities Litigation*, 183 F.3d 970, 986 (9th Cir. 1999) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). The documents are deemed to be part of the pleadings themselves.

The purpose of this rule is to prevent a party from doing precisely what Terra is attempting here: extensively quoting a document in its pleadings, misrepresenting the documents' content through misleading and selective quotes, and then precluding the court from considering what the documents actually say.

Terra also makes half-hearted objections to the authenticity of the Annual Report, even though Terra quotes extensively from the introduction of the document and the "Special Report" contained within it. A close reading of plaintiff's objections indicates that Terra does not actually question the genuineness of either document – it does not claim that there is an actual dispute about whether the Annual Report is what it purports to be – but simply asserts technical evidentiary objections on foundation grounds.[1]

---

[1] Plaintiff's objections are groundless. NYL Investments laid a proper foundation for the Annual Report and Policyholder Report. *See* Defendant's Response to Plaintiff's Objections to Request for Judicial Notice. If plaintiff truly contests the genuineness of the documents, then Terra should provide a good faith basis on which it makes that challenge.

4
DEFENDANT'S REPLY MEMORANDUM FOR MOTION TO DISMISS AND TO STRIKE
CASE NO. C 09-01609 WHA

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

The plaintiff in *Silicon Graphics* posed similar objections to the consideration of SEC forms under the incorporation by reference doctrine, and the Ninth Circuit brushed them aside. The appellate court noted that, although the plaintiff supposedly questioned the veracity of the SEC forms, "her ongoing and substantial reliance on the forms as a basis for her allegations substantially weakens her position." *Id.* As the district court in that case pointed out, "[h]aving raised questions about [officers'] stock sales, based [her] allegations on [officers'] SEC filings, and submitted expert declarations that rely on the SEC forms at issue, [plaintiff] can hardly complain when [the officers] refer to the same information in their defense." *Id.*

The same rationale applies here. Terra extensively relies on the Annual Report and other quality tilt materials in its complaint. Even at the pleading stage, Terra cannot transform the quality tilt into something it was not by falsely characterizing the content of these documents and, at the same time, preventing the court from considering the documents in their entirety.

### (2) Plaintiff's Misleading Statements About the Quality Tilt cannot Support the Claim that NYL Investments Made Knowingly False Statements and the Opposition Brief Offers No Additional Facts to Correct this Defect

The claims at issue are not simple negligence claims, but serious contentions involving an alleged scheme to defraud. To state a claim for fraud, it is insufficient to allege facts establishing that NYL Investments was wrong about the "soundness" of the "economy" or that it made a mistake in predicting future stock market performance. Rather, the complaint must include well-pled facts establishing that NYL Investments' representatives intentionally misrepresented their true beliefs about the stock market with the intent of defrauding Terra into maintaining investments that NYL Investments believed would fail. *See Fraker v. Sentry Life Ins. Co.*, 19 Cal. App. 4th 276, 285 (1993) (citing the required elements of fraud claim).

Terra bases its fraud claims on the contention that NYL Investments actually believed that it would be prudent course was to withdraw from the equity markets and invest instead in cash or cash equivalents and in fact began converting its own investments into U.S. Treasuries at the same time it was recommending that plaintiff maintain its equity positions. Terra's characterizations of the quality tilt are the only "facts" Terra provides to support these contentions.

5
DEFENDANT'S REPLY MEMORANDUM FOR MOTION TO DISMISS AND TO STRIKE
CASE NO. C 09-01609 WHA

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

The actual facts of the program do not support the allegation that NYL Investments made any knowingly false statements about the stock market or Terra's equity positions. The quality tilt did not involve changes to NYL Investments' own equity holdings due to concerns about the stock market, but a 2% adjustment that a separate entity, New York Life, made to its fixed income portfolio due to concerns about corporate bond spreads. The quality tilt documents do not suggest in any way that investors should make any changes to their equity portfolios due to an impending market collapse. Contrary to Terra's groundless allegations, there is nothing in these documents from which one can reasonably infer that NYL Investments believed that investors should liquidate their equity holdings and convert them to U.S. Treasuries.

The only evidence Terra discusses outside its distorted quality tilt allegations is a chart purporting to show an analysis by Goldman Sachs regarding the credit and equity markets. Terra's counsel testifies that it located the chart on Goldman Sachs' website. Declaration of Mark Molumphy ¶ 2, Ex. 1. In reality, the chart appears to be a posting on the "Zero Hedge" blog of "Tyler Durden." Supplemental Declaration of Travis R. Wall ¶¶ 2-4, Exs. 9 & 10. "Tyler Durden" also happens to be the name of the fictional lead character in the novel and film "Fight Club," a story about a nihilistic neo-Luddite with a strong hatred for consumer culture and capitalism.

The court's consideration of this blog posting would be improper. *See* NYL Investments' Objection to Plaintiff's Request for Judicial Notice. Even if one were to accept the chart at face value, the evidence would not support Terra's contention that NYL Investments engaged in fraud. Terra does not suggest that it should be given leave to amend to attach this chart to its complaint. In any event, the introduction of a chart from an internet blog adds nothing substantive to Terra's arguments. A blog suggesting that Goldman Sachs may have determined in an after-the-fact analysis that there was some correlation between the performance of the bond markets and the equity markets does not tend to show that NYL Investments made any knowingly false statements to Terra in 2007 and 2008. This third-party "analysis" has absolutely no bearing on any issue in this case.

Nothing in the quality tilt materials supports Terra's allegations that NYL Investments representatives believed it would be prudent to liquidate or reduce equity holdings but

6
BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DEFENDANT'S REPLY MEMORANDUM FOR MOTION TO DISMISS AND TO STRIKE
CASE NO. C 09-01609 WHA

misrepresented or concealed their true beliefs. Without these fundamental allegations, the fraud claims fail as a matter of law. Terra offers no new facts in opposition to support its claims and does not seek leave to amend. Terra in effect concedes that it has no new facts to plead to support its claim for intentional misrepresentation. Because plaintiff has not stated a valid claim and acknowledges that it cannot correct the defects in its allegations by amendment, the intentional misrepresentation claim should be dismissed without leave to amend.

**(3)   Terra has not Established that NYL Investments' Alleged Statements About "Soundness" of the Economy can Support a Claim for Intentional Misrepresentation**

Terra's opposition brief notes that a professional opinion can be actionable in fraud. While expressions of opinion can be treated as representations of fact in certain circumstances, it does not follow that all professional opinions can support a claim for fraud. Statements that are so vague or amorphous that no reasonable investor could rely on them are not actionable. *In re Syntex Corp. Securities Litigation,* 855 F. Supp. 1086, 1096 (N.D. Cal. 1994) (holding that a company's statement that it expected a "very strong fiscal 1993" was not actionable); *see also Howard v. Haddad*, 962 F.2d 328, 331, n.10 (4th Cir. 1992) (projections that "the Bank was growing"; "the stock was a good investment" and "a good opportunity" amounted to non-actionable puffing); *Searls v. Glasser,* 64 F.3d 1061, 1066 (7th Cir. 1995) ("indefinite predictions of 'growth' are better described as mere puffery rather than as material statements of fact").

NYL Investment's purported statement that the "economy" was "fundamentally sound" is a non-actionable opinion. First, the "economy" is an all-encompassing concept reflecting the interplay of multiple markets and industries. Terra's opposition and complaint fail to identify the specific sector of the economy to which NYL Investments' purported statement refers, i.e. the housing market, stock market, futures, etc., or identify any misstatements regarding specific economic indicators. Second, "fundamentally sound" is a relative term that could mean almost anything. Terra had not pled with any specificity how NYL Investments' statement was false or how it was misled. *See* Fed. R. Civ. P. 9(b).

Terra cannot identify any aspect of NYL Investments' alleged statements that was objectively false at the time the statement was made. Terra, thus, bases its fraud claim entirely upon

7

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DEFENDANT'S REPLY MEMORANDUM FOR MOTION TO DISMISS AND TO STRIKE
CASE NO. C 09-01609 WHA

allegations that NYL Investments misrepresented its true beliefs about the economy and that it actually had concluded that it would be prudent for investors to liquidate their equity holdings. As discussed in detail above, however, there are no well-pled facts in the complaint supporting the inference that NYL Investments actually believed the equity markets would collapse but defrauded Terra into maintaining its equity positions.

### B. Terra Has Not Adequately Alleged Fraudulent Concealment

NYL Investments' opening brief identified three defects in the fraudulent concealment claim: the allegedly suppressed facts regarding the quality tilt were not material to any advice NYL Investments allegedly provided about Terra's equity portfolio; NYL Investments had no duty to disclose facts about the quality tilt to Terra; and Terra had not adequately alleged that it would have acted differently if it had known that NYL Investments' parent company made minor adjustments to its fixed income portfolio due to concerns about narrow spreads in the bond markets.

Terra does not effectively rebut any of these arguments. With respect to the duty to disclose, Terra fails to address the argument that NYL Investments had no duty to disclose how NYL Investments' parent company or other clients were investing their funds. Terra's concealment claim erroneously presumes that it has a right to know (and that NYL Investments had a duty to disclose) how other entities are investing their assets. Even in the fiduciary context, the duty to disclose does not extend that far.

If one were to assume that NYL Investments could have disclosed details about the quality tilt, Terra still has not established that the information was material to any advice NYL Investments provided to Terra or that Terra would have acted differently had it known the true facts. Terra contends that materiality and reliance are factual issues that cannot be determined as a matter of law. Under California law, the question of materiality of an omission or representation in a securities case is an objective one, involving the significance of an omitted or misrepresented fact to a reasonable investor. *See, e.g., Lynch v. Cook,* 148 Cal. App. 3d 1072, 1081-82 (1983). The Ninth Circuit has confirmed that such questions can be determined as a matter of law. *McCormick v. Fund Am. Colonies, Inc.,* 26 F.3d 869, 884 (9th Cir. 1994) (citing *Lynch* and affirming that materiality of federal and state law fraud claims can be determined as a matter of law).

8
DEFENDANT'S REPLY MEMORANDUM FOR MOTION TO DISMISS AND TO STRIKE
CASE NO. C 09-01609 WHA

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

NYL Investments had no legal duty to disclose information about a fixed income program involving a different company, a different type of investment, and a different sector of the economy. The quality tilt addressed "irrational" market behavior in one sector – corporate bond spreads. Concerns about this market sector had no bearing on Terra's inquiry about whether it should eliminate or significantly reduce its equity portfolio. If information as attenuated as this were deemed to be material, then there would be no practical limit on the scope of information an advisor must disclose. Whenever an advisor provided advice about equities, for example, it would have to provide an exegesis on every other sector of the markets as well, since, according to Terra, every aspect of the "economy" affects everything else.

Plaintiff contends that NYL Investments concealed its belief that the "market was acting irrationally" and that "it was prudent to transfer equity assets into more secure U.S. Treasuries." Opposition at 17:18-22. Terra bases its materiality and reliance claims on the same distortions and falsehoods that permeate the intentional misrepresentation claim. There is no basis to infer from the quality tilt materials that NYL Investments believed plaintiff should eliminate or reduce its equity holdings and concealed this information from Terra. Plaintiff cannot fashion a concealment claim by portraying the quality tilt to be something it was not.[2]

### C. Terra has not Adequately Alleged Negligent Misrepresentation

Terra's opposition brief underscores the flaws in its negligent misrepresentation claim. Plaintiff contends that reasonableness turns on whether NYL Investments itself had reasonable grounds for believing its statements to be true. Opposition at 18-19. The opposition maintains that NYL Investments' statements about the economy were unreasonable per se since it internally had concluded that the economy was unsound. *Id.* In other words, Terra asserts that the NYL Investments' alleged statements were made without any reasonable grounds for believing them to

---

[2] NYL Investments' moving papers also noted that the Annual Report was posted on New York Life's website, a fact that undermines plaintiff's argument that there was a scheme to conceal the information. In response, Terra contends that it can base fraud and concealment claims on publicly available information. *See* Opposition at 15. Plaintiff misses the point. NYL Investments attacks the plausibility of plaintiff's theories – it is not plausible to allege that NYL Investments engaged in a scheme to conceal information that was contained in documents posted on New York Life's website and mailed to millions of New York Life policyholders.

9

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DEFENDANT'S REPLY MEMORANDUM FOR MOTION TO DISMISS AND TO STRIKE
CASE NO. C 09-01609 WHA

be true because NYL Investments in fact did not believe what it was saying.  A knowingly false statement of belief cannot form the basis of a negligent misrepresentation claim; this would be a form of intentional misrepresentation.

This is not the only defect in the negligent misrepresentation claim.  As with the intentional fraud claim, Terra has not established that NYL Investments made any objectively false statements about the "economy" or that plaintiff could justifiably rely on statements about future market performance.  Plaintiff's fraud claims are based entirely upon Terra's contention that NYL Investments actually believed that it would be prudent for investors to eliminate their equity holdings.  The only support plaintiff provides for this fiction is the quality tilt, which had nothing to do with equity markets or equity investments.

### D. Plaintiff Cannot Allege a Plausible Entitlement to Relief under Any Fraud Theory

Terra does not dispute that, even at the pleading stage, district courts do not have to accept plaintiff's theories of liability at face value.  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 545, 127 S.Ct. 1955 (2007)).  In making this determination, the court need not accept as true a legal conclusion couched as a factual allegation. *Id.* at 1950.  The requirement that a plaintiff provide well-pled facts supporting a plausible theory of relief applies even to allegations concerning a defendant's motive and intent. *Id.* at 1954.  The pleading standard is even higher in the fraud context, where a plaintiff must plead the circumstances surrounding the fraud with particularity. Fed. R. Civ. P. 9(b).

Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw from its judicial experience and common sense." *Id.* at 1950.  But where the well-pleaded facts "do not permit the court to infer more than the possibility of misconduct," the claim should be dismissed. *Id.*  To survive a motion to dismiss, the plaintiff must allege sufficient facts which, if credited, nudge the claims "across the line from conceivable to plausible." *Id.* at 1951.

10
BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA  94108
(415) 434-2800

DEFENDANT'S REPLY MEMORANDUM FOR MOTION TO DISMISS AND TO STRIKE
CASE NO. C 09-01609 WHA

Terra's misrepresentation and concealment claims fail to meet these standards. Fraud is a serious accusation that must be supported by well-pled facts and a theory of liability that makes sense. Other than conclusory allegations regarding intent and false characterizations about the nature and scope of the quality tilt, Terra is unable to offer any facts supporting its theory that NYL Investments deliberately misled Terra into maintaining its equity positions when, in reality, NYL Investments internally believed these investments would fail.

This lawsuit involves a garden-variety market loss dispute, and Terra cannot pigeonhole its claims into claims for fraud by misrepresenting the nature and scope of the quality tilt. All three fraud claims are fundamentally flawed and should be dismissed with prejudice.

### E.     The Court Should Strike All Allegations Regarding the Quality Tilt

Terra has gone beyond alleging groundless fraud claims. It has interjected false allegations regarding the quality tilt into every claim for relief. Plaintiff should not be able to use these demonstrably false allegations as a basis to seek intrusive and unnecessary discovery into the quality tilt.

As the United States Supreme Court has noted, a complaint does not "unlock the doors of discovery" for a plaintiff armed only with groundless allegations. *Iqbal,* 129 S.Ct. at 1950; *see also Bell Atlantic,* 550 U.S. at 559 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side" (internal quotation marks and citation omitted)). The quality tilt allegations are "immaterial," "impertinent" and "scandalous" within the meaning of Federal Rule of Civil Procedure 12(f) and should be stricken from the complaint.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

11
DEFENDANT'S REPLY MEMORANDUM FOR MOTION TO DISMISS AND TO STRIKE
CASE NO. C 09-01609 WHA

### 3. CONCLUSION

NYL Investments respectfully requests that the Court dismiss plaintiff's first, second and third claims for relief with prejudice and strike all averments concerning the "quality tilt."

Dated: July 16, 2009                                    BARGER & WOLEN LLP


By: <u>//s// Travis R. Wall</u>
    J. RUSSELL STEDMAN
    TRAVIS R. WALL
    PETER J. FELSENFELD
    Attorneys for Defendant
    New York Life Investment
    Management LLC

DEFENDANT'S REPLY MEMORANDUM FOR MOTION TO DISMISS AND TO STRIKE
CASE NO. C 09-01609 WHA

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

# TABLE OF CONTENTS

PAGE

1. INTRODUCTION ....................................................................................................................1

2. DISCUSSION .........................................................................................................................2

    A. Plaintiff has not Adequately Alleged Intentional Misrepresentation ..............................2

        (1) The Opposition Brief Repeats the Same False Allegations that Terra Asserts in its Complaint................................................................................2

        (2) Plaintiff's Misleading Statements About the Quality Tilt cannot Support the Claim that NYL Investments Made Knowingly False Statements and the Opposition Brief Offers No Additional Facts to Correct this Defect ...............5

        (3) Terra has not Established that NYL Investments' Alleged Statements About "Soundness" of the Economy can Support a Claim for Intentional Misrepresentation .........................................................................................7

    B. Terra Has Not Adequately Alleged Fraudulent Concealment .........................................8

    C. Terra has not Adequately Alleged Negligent Misrepresentation ....................................9

    D. Plaintiff Cannot Allege a Plausible Entitlement to Relief under Any Fraud Theory ...............................................................................................................................10

    E. The Court Should Strike All Allegations Regarding the Quality Tilt............................11

3. CONCLUSION......................................................................................................................12

i

DEFENDANT'S REPLY MEMORANDUM FOR MOTION TO DISMISS AND TO STRIKE

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

## TABLE OF AUTHORITIES

PAGE

**Cases**

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) ............................................................................... 10, 11

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 545, 127 S.Ct. 1955 (2007) .................................. 10, 11

*Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994) ............................................................................ 4

*Fraker v. Sentry Life Ins. Co.*, 19 Cal. App. 4th 276 (1993) ......................................................... 5

*Howard v. Haddad*, 962 F.2d 328 (4th Cir. 1992) ........................................................................ 7

*In re Silicon Graphics Inc. Sec. Lit.*, 183 F.3d 970 (9th Cir. 1999) ............................................... 4

*In re Syntex Corp. Sec. Lit.,* 855 F. Supp. 1086 (N.D. Cal. 1994) ................................................ 7

*Lynch v. Cook,* 148 Cal. App. 3d 1072 (1983) .............................................................................. 8

*McCormick v. Fund Am. Colonies, Inc.,* 26 F.3d 869 (9th Cir. 1994) ........................................... 8

*Searls v. Glasser,* 64 F.3d 1061 (7th Cir. 1995) ............................................................................ 7

**Rules**

Fed. R. Civ. P. 9(b) .................................................................................................................. 7, 10

**BARGER & WOLEN** LLP
**650 CALIFORNIA STREET**
**NINTH FLOOR**
SAN FRANCISCO, CA  94108
(415) 434-2800

ii
DEFENDANT'S REPLY MEMORANDUM FOR MOTION TO DISMISS AND TO STRIKE