1  J. Russell Stedman (117130), rstedman@bargerwolen.com
  Travis R. Wall (191662), twall@bargerwolen.com
2  Peter J. Felsenfeld (260433), pfelsenfeld@bargerwolen.com
  BARGER & WOLEN LLP
3  650 California Street, 9th Floor
  San Francisco, California  94108-2713
4  Telephone:   (415) 434-2800
  Facsimile:    (415) 434-2533
5

6  Attorneys for Defendant
  New York Life Investment Management LLC

7

8                 UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO DIVISION

11

12 TERRA INSURANCE COMPANY    )  CASE NO. C 09-01609 WHA
  (A Risk Retention Group),        )
13                           )  **DEFENDANT NEW YORK LIFE**
                         )  **INVESTMENT MANAGEMENT LLC'S**
14        Plaintiff,       )  **ANSWER TO PLAINTIFF'S**
                         )  **COMPLAINT**
15       v.         )
                         )
16 NEW YORK LIFE INVESTMENT     )
  MANAGEMENT LLC,         )  **DEMAND FOR JURY TRIAL**
17                          )
       Defendant.     )
18 _____)

19

20

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA  94108
(415) 434-2800

DEFENDANT NEW YORK LIFE INVESTMENT MANAGEMENT LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

On behalf of itself and no others, Defendant New York Life Investment Management LLC ("Defendant") or ("NYL Investments") hereby answers the Complaint filed by Plaintiff Terra Insurance Company (A Risk Retention Group) ("Plaintiff") or ("Terra") as follows:

1.      Answering paragraph 1, Defendant admits that Terra is a professional liability insurer and risk retention group that offers coverage to engineering firms. Except as admitted, Defendant is without knowledge or belief sufficient to admit or deny the remaining allegations contained in the paragraph.

2.      Answering paragraph 2, Defendant admits that Terra retained Defendant as an investment advisor. Defendant further admits that Terra's policyholders pay premiums and also receive profits through appreciation of their common stock. Except as admitted, Defendant denies the allegations in paragraph 2.

3.      Answering paragraph 3, Defendant admits that, in an agenda item for the November 2007 Board of Directors' meeting, David Coduto, Terra's CEO, indicated that he wanted to discuss whether Terra should eliminate or reduce its equity holdings. Defendant further admits that, at Terra's request, Defendant periodically consulted with Plaintiff about asset allocation, but alleges that Plaintiff made all final decisions about asset allocation. Except as admitted, Defendant denies the allegations in paragraph 3.

4.      Defendant denies the allegations in paragraph 4.

5.      Answering paragraph 5, Defendant admits that Terra's equity portfolio lost value during the severe downturn in the public equity market in late 2008. Except as admitted, Defendant denies the allegations in paragraph 5.

6.      Answering paragraph 6, Defendant admits that Terra's equity portfolio lost value during the severe downturn in the public equity market in late 2008. Except as admitted, Defendant denies the allegations in paragraph 6.

7.      Answering paragraph 7, Defendant admits that this Court has jurisdiction over this dispute.

8.      Answering paragraph 8, Defendant admits that venue is proper in the Northern District of California.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA  94108
(415) 434-2800

2
DEFENDANT NEW YORK LIFE INVESTMENT MANAGEMENT LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

9. Answering paragraph 9, Defendant admits that Terra is a Vermont corporation headquartered in Corte Madera, California. Except as admitted, Defendant is without knowledge or belief sufficient to admit or deny the remaining allegations contained in the paragraph.

10. Defendant admits the allegations in paragraph 10.

11. Answering paragraph 11, Defendant is without knowledge or belief sufficient to admit or deny the DOE allegations contained in the paragraph. Defendant denies the remaining allegations in the paragraph, and specifically denies that it is liable to Terra or that Terra was damaged in any manner or sum whatsoever.

12. Answering paragraph 12, Defendant is without knowledge or belief sufficient to admit or deny the DOE allegations contained in the paragraph. Defendant denies the remaining allegations in the paragraph, and specifically denies that it is liable to Terra or that Terra was damaged in any manner or sum whatsoever.

13. Answering paragraph 13, Defendant is without knowledge or belief sufficient to admit or deny the DOE allegations contained in the paragraph. Defendant denies the remaining allegations in the paragraph, and specifically denies that it is liable to Terra or that Terra was damaged in any manner or sum whatsoever.

14. Defendant denies the allegations in paragraph 14.

15. Answering paragraph 15, Defendant admits that the term "investment advisor" is a legal term that appears in the Investment Advisors Act of 1940, the federal law that governs investment advisors. The law defines an "investment advisor" as "any person who, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing, or selling securities, or who, for compensation and as part of a regular business, issues or promulgates analyses or reports concerning securities." Defendant further admits that, among other services, investment advisors may provide management of investments based on the client's objectives. Except as admitted, Defendant denies the allegations in paragraph 15.

16. Answering paragraph 16, Defendant admits that it acted in the capacity of an investment advisor with respect to Terra; the scope of these services are defined by the terms of the

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

3

DEFENDANT NEW YORK LIFE INVESTMENT MANAGEMENT LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Investment Advisory Agreement.  Defendant admits that it was subject to certain duties as determined by law.  The scope of these duties varies with the facts and circumstances, and the specific investment advisor/client relationship, and is a legal not factual issue to which no response is required.  Except as admitted, Defendant denies the allegations in paragraph 16.

17.     Answering paragraph 17, Defendant admits that Joan Sabella was a certified financial planner affiliated with the Financial Planning Association and the CFA Institute. However, Defendant denies that Ms. Sabella, or any other NYL Investments personnel, provided financial planning services to Terra.  Except as admitted, Defendant denies the allegations in paragraph 17.

18.     Answering paragraph 18, Defendant denies that it served as a financial planner to Terra.  Defendant was Terra's investment advisor.  Notwithstanding the mischaracterization of Defendant's role, Defendant admits that an investment advisor has certain duties as determined by law.  The scope of these duties varies with the facts and circumstances, and the specific investment advisor/client relationship, and is a legal not factual issue to which no response is required.  Except as admitted, Defendant denies the allegations in paragraph 18.

19.     Answering paragraph 19, Defendant denies that it served as Terra's financial planner.  Defendant was Terra's investment advisor.  Defendant admits that an investment advisor has certain duties as determined by law.  The scope of these duties varies with the facts and circumstances, and the specific investment advisor/client relationship, and is a legal not factual issue to which no response is required.  Except as admitted, Defendant denies the allegations in paragraph 19.

20.     Answering paragraph 20, Defendant denies that it served as Terra's financial planner.  Defendant was Terra's investment advisor.  Defendant admits that an investment advisor has certain duties as determined by law.  The scope of these duties varies with the facts and circumstances, and the specific investment advisor/client relationship, and is a legal not factual issue to which no response is required.  Except as admitted, Defendant denies the allegations in paragraph 20.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA  94108
(415) 434-2800

4

DEFENDANT NEW YORK LIFE INVESTMENT MANAGEMENT LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

21.     Answering paragraph 21, Defendant denies that it served as Terra's financial planner. Defendant was Terra's investment advisor. Defendant admits that an investment advisor has certain duties as determined by law. The scope of these duties varies with the facts and circumstances, and the specific investment advisor/client relationship, and is a legal not factual issue to which no response is required. Except as admitted, Defendant denies the allegations in paragraph 21.

22.     Answering paragraph 22, Defendant denies that it served as Terra's financial planner. Defendant was Terra's investment advisor. Defendant admits that an investment advisor has certain duties as determined by law. The scope of these duties varies with the facts and circumstances, and the specific investment advisor/client relationship, and is a legal not factual issue to which no response is required. Except as admitted, Defendant denies the allegations in paragraph 22.

23.     Defendant admits the allegations in paragraph 23.

24.     Defendant admits that Defendant acquired a part of Towneley Capital's business. Except as admitted, Defendant denies the allegations in paragraph 24.

25.     Answering paragraph 25, Defendant admits that NYL Investments is a highly respected investment management firm, with 1,236 employees and 6 offices across the United States. Defendant further admits that it was named a top 25 global money manager by Pension & Investment, May 28, 2007, and that NYL Investments and its affiliates have billions of assets under management. Except as admitted, Defendant denies the allegations in paragraph 25.

26.     Answering paragraph 26, Defendant is without information either to admit or deny the sources that plaintiff paraphrases and quotes in this paragraph. Defendant alleges that plaintiff appears to rely upon an April 10, 2008 press release, which was issued by an affiliate of NYL Investments, concerning the Mainstay ICAP Select Equity Fund. Except as admitted, Defendant denies the allegations in paragraph 26.

27.     Answering paragraph 27, Defendant admits that Terra consented to the assignment of the Investment Advisory Agreement (the "Agreement") to NYL Investments. Except as

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

5

DEFENDANT NEW YORK LIFE INVESTMENT MANAGEMENT LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

admitted, Defendant is without knowledge or belief sufficient to admit or deny the remaining allegations contained in the paragraph.

28.    Answering paragraph 28, Defendant admits that Terra retained it as an investment advisor with respect to a fund that consisted of securities and cash held in a custodial account. Defendant further admits that the Agreement stated: "By means of this letter, you grant to us complete authority to manage the Fund and to make such purchases and sales of securities on behalf of your Fund as we deem appropriate in pursuance of your stated investment objectives."  Except as admitted, Defendant denies the allegations in paragraph 28.

29.    Answering paragraph 29, Defendant admits that the Agreement stated: "If at any time you [Terra] desire to change the objectives set out in Exhibit A, you will advise us and we will consult with you with respect to such changes."  Defendant further admits that the Agreement stated that Defendant would provide Terra "with reports of valuation of assets held in the Fund on a monthly basis."  Defendant further admits that the Agreement provided that Defendant would "place orders for purchases and sales of securities held in the Fund with brokers whom we believe will provide good execution and the best prices then available in the market place."  Except as admitted, Defendant denies the allegations in paragraph 29.

30.    Answering paragraph 30, Defendant admits that the Agreement stated that NYL Investments "will not be protected against any liability to you [Terra] based upon our bad faith, negligence or the reckless disregard of our obligations."  Defendant further admits that Terra agreed to pay a fee for the services rendered in connection to the Agreement.  Except as admitted, Defendant denies the allegations in paragraph 30.

31.    Answering paragraph 31, Defendant agrees that the relevant investment guidelines and advisory fees are based on revisions to the Agreement entered into in November 2005. Defendant further admits that Exhibit A to the 2005 Agreement contained a heading entitled "Investment Objective" followed by the text:  "Preservation of capital in nominal terms and interest income. ¶ The Client will inform the Advisor in writing of any changes in financial status that necessitates a change in investment goals outlined herein."  However, other terms in the Agreement

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA  94108
(415) 434-2800

6

DEFENDANT NEW YORK LIFE INVESTMENT MANAGEMENT LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

further described Terra's investment objective.  Except as admitted, Defendant denies the allegations of paragraph 31.

32.     Answering paragraph 32, Defendant admits the Agreement provided that a maximum of 20% of the portfolio, at cost, could be invested in proprietary balanced and equity mutual funds. Defendant further admits that the Agreement additionally stated that "[t]he Advisor may invest up to 20% at cost of the total portfolio assets in mutual funds managed by the Advisor."  Except as admitted, Defendant denies the allegations of paragraph 32.

33.     Answering paragraph 33, Defendant admits that the Agreement instructed NYL Investments to invest in "[p]rimarily corporate, municipal, U.S. government and U.S. government agency fixed-interest bonds maturing within twenty years from the date of purchase." Defendant further admits that the Agreement authorized it to "invest in short-term (under one year) interest-bearing instruments (including repurchase agreements) and money market mutual funds in such amounts or in such proportions that the Advisor believes will be conducive to the Investment Objective."  Except as admitted, Defendant denies the allegations in paragraph 33.

34.     Answering paragraph 34, Defendant admits that the Agreement stated: "A maximum of 85% of the portfolio may be invested in fixed-income securities, including municipal, corporate and Government securities."  Defendant further admits that the Agreement stated: "Not more than 3% of the cost basis of the portfolio shall be held in securities of any one corporation."  Defendant further admits that the Agreement stated: "No more than 10% of the portfolio shall be invested in any single state, city, or other political division."  Except as admitted, Defendant denies the allegations in paragraph 34.

35.     Answering paragraph 35, Defendant admits that the Agreement provided for a quarterly fee calculated "on the basis of the average of the fair market value, including accrued income of the cash and securities in the fund on the last days of each of the preceding three months." The Agreement also provided that mutual fund holdings "will be identified separately on all invoices and excluded from the billing so as to insure no duplication of fees to the Advisor." Except as admitted, Defendant denies the allegations in paragraph 35.

36.     Defendant denies the allegations in paragraph 36.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA  94108
(415) 434-2800

7

DEFENDANT NEW YORK LIFE INVESTMENT MANAGEMENT LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

37.     Answering paragraph 37, Defendant admits that in 2005 it stopped providing asset management services regarding funds held in third-party mutual funds.  Defendant further admits that, in a November 2005 letter agreement, Terra agreed to this policy change and that thereafter all of Terra's mutual fund holdings were in NYL Investments proprietary funds.   Except as admitted, Defendant denies the allegations in paragraph 37.

38.     Answering paragraph 38, Defendant admits that Terra officers met with NYL Investments managers to discuss Terra's investment portfolio in June 2007.  Except as admitted, Defendant denies the allegations in paragraph 38.

39.     Answering paragraph 39, Defendant admits that Joan Sabella and Veda Pai-Panandiker attended a Terra Board Meeting in November 2007 in which Plaintiff's investment portfolio was discussed.  Defendant is without knowledge or belief sufficient to admit or deny the remaining allegations contained in the paragraph.

40.     Answering paragraph 40, Defendant admits that David Coduto provided discussion points for the November 2007 Board of Directors' meeting in which he asked Defendants' representatives to address whether Terra should reduce or eliminate its equity holdings due to certain economic issues.  In that same document, Mr. Coduto also asked whether Terra should increase its international equity holdings.  Except as admitted, Defendant denies the allegations in paragraph 40.

41.     Answering paragraph 41, Defendant admits that, at the November 2007 Board of Directors' meeting, David Coduto expressed concerns about the economy and that Joan Sabella and Veda Pai-Panandiker  presented Terra with information regarding its investment portfolio and provided a general market review.  Except as admitted, Defendant denies the allegations in paragraph 41.

42.     Answering paragraph 42, Defendant admits that Joan Sabella and William Knapp, attended a Board of Directors' meeting in March 2008 and that Mr. Knapp gave a presentation regarding his opinions about the U.S. economy.  Defendant further admits that Mr. Knapp was an economist with a Ph.D. in Economics and that he was a managing director of Defendant's Equity Investors Group. Except as admitted, Defendant denies the allegations in paragraph 42.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA  94108
(415) 434-2800

43.     Answering paragraph 43, Defendant admits that the quoted language appeared in documents entitled "New York Life Annual Report 2007" and "Report to Policyholders 2007," published by New York Life Insurance Company ("New York Life"), Defendant's indirect parent company. Defendant further admits that the language is properly attributed to Gary Wendlandt, New York Life's Chief Investment officer and Vice Chairman of its Board of Directors. Except as admitted, Defendant denies the allegations in paragraph 43.

44.     Answering paragraph 44, Defendant denies that the quotes appeared on Defendant's website. Defendant is without knowledge or belief sufficient to admit or deny where Plaintiff obtained the posting, but admits that the language appears to quote from published information regarding the "quality tilt," an investment program of New York Life not Defendant. Defendant denies that the quote actually or accurately reflects all language from the posting. Except as admitted, Defendant denies the allegations in paragraph 44.

45.     Defendant denies the allegations in paragraph 45.

46.     Answering paragraph 46, Defendant admits that Terra's equity portfolio lost value during the severe decline in the public equity market in late 2008. Defendant further admits that Joan Sabella participated in a telephone call with David Coduto and Hal Arditti on September 29, 2008. Except as admitted Defendant denies the allegations in paragraph 46.

47.     Answering paragraph 47, Defendant admits that Tony Elavia and Joan Sabella participated in a telephone call with David Coduto on September 30, 2008. Except as admitted, Defendant denies the allegations in paragraph 47.

48.     Answering paragraph 48, Defendant admits that it exchanged correspondence with Terra in October 2008. Defendant further admits that it received management fees from Terra in connection with its investment services. Except as admitted, Defendant denies the allegations in paragraph 48.

49.     Answering paragraph 49, Defendant denies that Plaintiff received no response from Defendant to its October 20, 2008 letter. Defendant is without knowledge or belief sufficient to admit or deny the remaining allegations contained in the paragraph.

50.     Defendant admits the allegations in paragraph 50.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

9

DEFENDANT NEW YORK LIFE INVESTMENT MANAGEMENT LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

51.     Answering paragraph 51, Defendant admits that Terra's equity portfolio lost value during the severe market downturn in late 2008.  Except as admitted, Defendant denies the allegations contained in paragraph 51.

FIRST CAUSE OF ACTION

Fraudulent Misrepresentation

52.     Answering paragraph 52, Defendant incorporates by reference its responses to paragraphs 1 through 51 above as set forth here in full.

53.     Defendant denies the allegations in paragraph 53.

54.     Defendant denies the allegations in paragraph 54.

55.     Defendant denies the allegations in paragraph 55.

56.     Defendant denies the allegations in paragraph 56.

57.     Defendant denies the allegations in paragraph 57.

58.     Defendant denies the allegations in paragraph 58, and specifically denies that it is liable to Terra or that Terra was damaged in any manner or sum whatsoever.

59.     Defendant denies the allegations in paragraph 59, and specifically denies that it is liable to Terra or that Terra was damaged in any manner or sum whatsoever.

SECOND CAUSE OF ACTION

Fraudulent Concealment

60.     Answering paragraph 60, Defendant incorporates by reference its responses to paragraphs 1 through 59 above as set forth here in full.

61.     Defendant denies the allegations in paragraph 61.

62.     Answering paragraph 62, Defendant admits that it was Terra's investment advisor during the relevant time period.  Except as admitted, Defendant denies the allegations in paragraph 62.

63.     Defendant denies the allegations in paragraph 63.

64.     Defendant denies the allegations in paragraph 64.

65.     Defendant denies the allegations in paragraph 65.

66.     Defendant denies the allegations in paragraph 66, and specifically denies that it is

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA  94108
(415) 434-2800

DEFENDANT NEW YORK LIFE INVESTMENT MANAGEMENT LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

liable to Terra or that Terra was damaged in any manner or sum whatsoever.

67.    Defendant denies the allegations in paragraph 67, and specifically denies that it is liable to Terra or that Terra was damaged in any manner or sum whatsoever.

### THIRD CAUSE OF ACTION

### Negligent Misrepresentation

68.    Answering paragraph 68, Defendant incorporates by reference its responses to paragraphs 1 through 67 above as set forth here in full.

69.    Defendant denies the allegations in paragraph 69.

70.    Defendant denies the allegations in paragraph 70.

71.    Defendant denies the allegations in paragraph 71.

72.    Defendant denies the allegations in paragraph 72.

73.    Defendant denies the allegations in paragraph 73.

74.    Defendant denies the allegations in paragraph 74, and specifically denies that it is liable to Terra or that Terra was damaged in any manner or sum whatsoever.

### FOURTH CAUSE OF ACTION

### Breach of Fiduciary Duty

75.    Answering paragraph 75, Defendant incorporates by reference its responses to paragraphs 1 through 74 above as set forth here in full.

76.    Answering paragraph 76, Defendant admits that investment advisors have fiduciary duties towards their clients.  Except as admitted, Defendant denies the allegations in paragraph 76.

77.    Defendant admits the allegations in paragraph 77.

78.    Defendant denies the allegations in paragraph 78.

79.    Answering paragraph 79, Defendant admits that it communicated with Terra throughout 2007 and 2008 regarding Terra's investment portfolio.  Defendant further admits that it recommended that Terra take a long-term view with respect to its equity investments.  Except as admitted, Defendant denies the allegations in paragraph 79.

80.    Defendant denies the allegations in paragraph 80.

81.    Defendant denies the allegations in paragraph 81.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA  94108
(415) 434-2800

11

DEFENDANT NEW YORK LIFE INVESTMENT MANAGEMENT LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

1    82.   Defendant denies the allegations in paragraph 82.

2    83.   Defendant denies the allegations in paragraph 83.

3    84.   Defendant denies the allegations in paragraph 84.

4    85.   Defendant denies the allegations in paragraph 85, and specifically denies that it is

5    liable to Terra or that Terra was damaged in any manner or sum whatsoever.

6    86.   Defendant denies the allegations in paragraph 86, and specifically denies that it is

7    liable to Terra or that Terra was damaged in any manner or sum whatsoever.

8                                FIFTH CAUSE OF ACTION

9                                   Breach of Contract

10   87.   Answering paragraph 87, Defendant incorporates by reference its responses to

11   paragraphs 1 through 86 above as set forth here in full.

12   88.   Defendant admits the allegations in paragraph 88.

13   89.   Answering paragraph 89, Defendant admits that Terra paid NYL Investments

14   advisory fees for investment advisory services as outlined in the Agreement.  Except as admitted,

15   Defendant denies the remaining allegations contained in the paragraph.

16   90.   Defendant denies the allegations in paragraph 90.

17   91.   Defendant denies the allegations in paragraph 91.

18   92.   Defendant denies the allegations in paragraph 92, and specifically denies that it is

19   liable to Terra or that Terra was damaged in any manner or sum whatsoever.

20                               SIXTH CAUSE OF ACTION

21             Breach of Implied Covenant of Good Faith and Fair Dealing

22   93.   Answering paragraph 93, Defendant incorporates by reference its responses to

23   paragraphs 1 through 92 above as set forth here in full.

24   94.   Defendant admits the allegations in paragraph 94.

25   95.   Answering paragraph 95, Defendant admits that the Agreement contains an implied

26   covenant of good faith and fair dealing.  The scope of that covenant varies with the facts and

27   circumstances, and the specific investment advisor/client agreement, and is a legal not factual issue

28   to which no response is required.  Except as admitted, Defendant denies the allegations in paragraph

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA  94108
(415) 434-2800

12

DEFENDANT NEW YORK LIFE INVESTMENT MANAGEMENT LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

1 | 95.

2 | 96.     Answering paragraph 96, Defendant admits that Terra paid NYL Investments

3 | advisory fees for investment advisory services as outlined in the Agreement.  Except as admitted,

4 | Defendant denies the remaining allegations contained in the paragraph.

5 | 97.     Defendant denies the allegations in paragraph 97.

6 | 98.     Defendant denies the allegations in paragraph 98.

7 | 99.     Defendant denies the allegations in paragraph 99, and specifically denies that it is

8 | liable to Terra or that Terra was damaged in any manner or sum whatsoever.

9 | SEVENTH CAUSE OF ACTION

10 | Negligence

11 | 100.     Answering paragraph 100, Defendant incorporates by reference its responses to

12 | paragraphs 1 through 99 above as set forth here in full.

13 | 101.     Answering paragraph 101, Defendant admits that an investment advisor must act in

14 | accordance with professional standards of care.  The scope of these standards of care varies with the

15 | facts and circumstances, and the specific investment advisor/client relationship, and is a legal not

16 | factual issue to which no response is required.  Except as admitted, Defendant denies the allegations

17 | in paragraph 101.

18 | 102.     Answering paragraph 102, Defendant admits that an investment advisor has certain

19 | duties as determined by law.  The scope of these duties varies with the facts and circumstances, and

20 | the specific investment advisor/client relationship, and is a legal not factual issue to which no

21 | response is required.  Except as admitted, Defendant denies the allegations in paragraph 102.

22 | 103.     Defendant denies the allegations in paragraph 103.

23 | 104.     Defendant denies the allegations in paragraph 104, and specifically denies that it is

24 | liable to Terra or that Terra was damaged in any manner or sum whatsoever.

25 | FIRST AFFIRMATIVE DEFENSE

26 | 105.     The Complaint and each and every claim for relief set forth therein fails to state a

27 | claim for relief upon which relief can be granted.

28 |

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA  94108
(415) 434-2800

13

DEFENDANT NEW YORK LIFE INVESTMENT MANAGEMENT LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

SECOND AFFIRMATIVE DEFENSE

106.    Any alleged damage suffered by Plaintiff was in no way caused by, or the result of, any fault, act or omission by Defendant, but rather was caused by circumstances, persons, and/or entities for which and/or for whom Defendant is not and may not be held responsible and for which Defendant cannot be held liable.

THIRD AFFIRMATIVE DEFENSE

107.    Plaintiff's claims are barred, in whole or in part, because Terra is estopped, by its acts and/or conduct, from alleging any and all claims against NYL Investments.  NYL Investments, at all times, adhered to the investment objectives and asset allocations provided in Terra's investment advisory agreements.  Terra employed the same type of asset allocation model in its investment portfolio since at least June 21, 1989.  Terra's predecessor used a similar asset allocation in its investment portfolio as well.  Defendant further alleges that Terra, at all times, was aware of the risks involved in equity investments and had the right to instruct NYL Investments to eliminate or reduce Terra's equity portfolio, but chose to retain its equity holdings.

FOURTH AFFIRMATIVE DEFENSE

108.    Plaintiff's claims are barred, in whole or in part, because Terra has waived, by its acts and/or conduct, the right to allege any and all claims against NYL Investments. NYL Investments, at all times, adhered to the investment objectives and asset allocations provided in Terra's investment advisory agreements.  Terra employed the same type of asset allocation model in its investment portfolio since at least June 21, 1989.  Terra's predecessor used a similar asset allocation in its investment portfolio as well.  Defendant further alleges that Terra, at all times, was aware of the risks involved in equity investments and had the right to instruct NYL Investments to eliminate or reduce Terra's equity portfolio, but chose to retain its equity holdings.

FIFTH AFFIRMATIVE DEFENSE

109.    To the extent that Terra has failed to mitigate, minimize or avoid any damages it has allegedly sustained, recovery against Terra, if any, must be reduced by that amount.

SIXTH AFFIRMATIVE DEFENSE

110.    Actions such as this, seeking the imposition of punitive damages violate the rights of

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA  94108
(415) 434-2800

NYL Investments guaranteed under the Fifth and Fourteenth Amendments of the United States Constitution.

SEVENTH AFFIRMATIVE DEFENSE

111.    Defendant reserves its right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information regarding the claims and upon further investigation.

WHEREFORE, Defendant demands:

1.    That judgment be entered in Defendant's favor and against Plaintiff;

2.    That Defendant be awarded costs incurred;

3.    That Defendant be awarded such other and further relief as the Court may deem appropriate.

DEMAND FOR JURY TRIAL

NYL Investments demands a trial by jury on all issues so triable.

Dated:  August 12, 2009                              BARGER & WOLEN LLP

                                                    By:    ____//s// Travis R. Wall____
                                                       J. RUSSELL STEDMAN
                                                       TRAVIS R. WALL
                                                       PETER J. FELSENFELD
                                                       Attorneys for Defendant
                                                       New York Life Investment
                                                       Management LLC

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

15
DEFENDANT NEW YORK LIFE INVESTMENT MANAGEMENT LLC'S ANSWER TO PLAINTIFF'S COMPLAINT