1  J. Russell Stedman (117130), rstedman@bargerwolen.com
   Travis R. Wall (191662), twall@bargerwolen.com
2  Peter J. Felsenfeld (260433), pfelsenfeld@bargerwolen.com
   BARGER & WOLEN LLP
3  650 California Street, 9th Floor
   San Francisco, California  94108-2713
4  Telephone:  (415) 434-2800
   Facsimile:  (415) 434-2533
5
   Attorneys for Defendant
6  New York Life Investment Management LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TERRA INSURANCE COMPANY (A Risk Retention Group),<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NEW YORK LIFE INVESTMENT MANAGEMENT LLC,<br><br>　　　　Defendant. | CASE NO. C 09-01609 WHA<br><br>[PROPOSED] **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO REQUEST FOR PRODUCTION NO. 5**<br><br>**Date:  December 1, 2009**<br>**Time:  11:00 AM**<br><br>**Courtroom 9, 19th Floor**<br><br>**The Honorable William Alsup** |

| | |
|---|---|
| 1 | **~~[PROPOSED]~~ ORDER** |
| 2 | Plaintiff Terra Insurance Company ("Plaintiff") filed a letter on November 24, 2009 |
| 3 | seeking further responses to certain discovery requests. Defendant New York Life Investment |
| 4 | Management LLC ("Defendant") filed a response on November 30, 2009. That same date, third |
| 5 | party New York Life Insurance Company submitted an objection to Plaintiff's proposed discovery. |
| 6 | The Court ordered Plaintiff and Defendant to participate in a further meet and confer in |
| 7 | the Court's jury room on December 1, 2009. The parties met and conferred and resolved all |
| 8 | disputes raised in Plaintiff's November 24 letter with the exception of Defendant's response to |
| 9 | Request for Production No. 5 in Plaintiff's second set of document requests. A hearing was |
| 10 | conducted and appearances were noted on the record. |
| 11 | Having read the written submissions and considered the oral arguments of counsel, the |
| 12 | Court denies Plaintiff's request to seek further responses to Document Request No. 5. The primary |
| 13 | issue in dispute is the Quality Tilt program. Defendant has represented that it has produced all |
| 14 | documents it could locate pertaining to the Quality Tilt, with the exception of implementation |
| 15 | documents with respect to which the parties have reached an agreement. Defendant has also |
| 16 | represented that it does not routinely provide advice to New York Life Insurance Company |
| 17 | regarding the allocation of its investments, the economy or market forecasting. The Court finds that |
| 18 | Plaintiff has been promised or received the evidence that is directly related to the issues raised in the |
| 19 | Complaint. This order is without prejudice of Plaintiff's right to seek further production in response |
| 20 | to Request for Production No. 5 if deposition testimony of Defendant or New York Life Insurance |
| 21 | Company witnesses establishes otherwise. |
| 22 | IT IS SO ORDERED. |
| 24 | Dated: December 4, 2009. |
| 25 | The Honorable<br>United States District Judge |



1

~~[PROPOSED]~~ ORDER DENYING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES