1  J. Russell Stedman (117130), rstedman@bargerwolen.com
   Travis R. Wall (191662), twall@bargerwolen.com
2  Peter J. Felsenfeld (260433), pfelsenfeld@bargerwolen.com
   BARGER & WOLEN LLP
3  650 California Street, 9th Floor
   San Francisco, California 94108-2713
4  Telephone: (415) 434-2800
   Facsimile: (415) 434-2533
5
   Attorneys for Defendant
6  New York Life Investment Management LLC

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12                                    )
    TERRA INSURANCE COMPANY           )   CASE NO. C 09-01609 WHA
13  (A Risk Retention Group),         )
                                      )   [~~PROPOSED~~] ORDER RE DFENDANT'S
14       Plaintiff,                   )   MOTION TO COMPEL FURTHER
                                      )   RESPONSES TO REQUESTS FOR
15       v.                           )   PRODUCTION
                                      )
16  NEW YORK LIFE INVESTMENT          )
    MANAGEMENT LLC,                   )   Date: December 11, 2009
17                                    )   Time: 11:00 AM
         Defendant.                   )
18                                    )   Courtroom 9, 19th Floor
                                      )
19                                    )   The Honorable William Alsup
                                      )
20  _____)

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER**

Defendant New York Life Investment Management LLC ("Defendant") filed a letter on December 4, 2009 seeking further responses to the discovery requests in Defendant's first set of requests for production. Plaintiff Terra Insurance Company ("Terra") filed a response on December 10, 2009.

The Court ordered Plaintiff and Defendant to participate in a further meet and confer in the Court's jury room on December 11, 2009. The parties met and conferred and resolved the disputes with respect to Requests for Production Nos. 1, 3, 12 and 13, but were unable to resolve the dispute with respect to the other requests. A hearing was conducted and appearances were noted on the record.

Having read the written submissions and considered the oral arguments of counsel, the Court orders as follows:

Req. Nos. 2 and 4– The motion to compel further responses with respect to these requests is denied without prejudice to serve more focused discovery requests.

Req. Nos. 5, 6, 7, 8, 10, 11, 15 and 17 – Plaintiff represents that it has produced all non-privileged responsive documents from October 20, 2000 to December 11, 2008. Plaintiff is ordered to produce all additional non-privileged responsive documents relating to investment strategy or asset allocation and all account statements for Terra's investment portfolio from October 20, 1999 to October 20, 2000 and December 11, 2008 to December 11, 2009.

Req. Nos. 9 and 16 – Plaintiff represents that it has produced all non-privileged responsive documents from October 20, 2000 to December 11, 2008. Plaintiff is ordered to produce all additional non-privileged responsive documents from October 20, 1999 to October 20, 2000.

Req. No. 14 – Plaintiff represents that it has produced all non-privileged responsive documents from October 20, 2000 to December 11, 2008. Plaintiff is ordered to produce all additional non-privileged responsive documents relating to investment strategy or asset allocation and all account statements for Terra's investment portfolio from October 20, 1999 to October 20, 2000 and December 11, 2008 to December 11, 2009. Plaintiff also ordered to produce the

documents regarding Plaintiff's investment portfolio that Plaintiff provided its auditors for preparation of financial statements and audits for the year ending December 31, 2008.

In addition to Defendant's motion to compel further responses to document requests, the Court also briefly addressed Plaintiff's motion for a protective order related to a third-party subpoena served on Plaintiff's accountant Johnson Lambert & Co. LLP ("Johnson Lambert"). Plaintiff filed a letter brief on that issue on December 11, 2009. The Court is not making a final ruling on that matter now, but orders the following procedure with respect to the handling of the subpoena. Johnson Lambert will send its production CD to Niki Okcu of Cotchett, Pitre & McCarthy, Plaintiff's counsel. Plaintiff will then prepare and serve a log containing similar information to a privilege log setting forth all documents to which they object to disclosure on third party privacy grounds. Plaintiff shall not delete or modify any of the documents on the CD. The parties will then meet and confer further regarding the production.

IT IS SO ORDERED.

Dated: _____December 16, 2009_____



The Ho_____ p
United_____

[PROPOSED] ORDER RE DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSES