J. Russell Stedman (117130), rstedman@bargerwolen.com
Travis R. Wall (191662), twall@bargerwolen.com
Peter J. Felsenfeld (260433), pfelsenfeld@bargerwolen.com
BARGER & WOLEN LLP
650 California Street, 9th Floor
San Francisco, California 94108-2713
Telephone: (415) 434-2800
Facsimile: (415) 434-2533

Attorneys for Defendant
New York Life Investment Management LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TERRA INSURANCE COMPANY (A Risk Retention Group),<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK LIFE INVESTMENT MANAGEMENT LLC,<br><br>Defendant. | CASE NO. C 09-01609 WHA<br><br>**DECLARTION OF TRAVIS R. WALL IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR PARTIAL SUMMARY JUDGMENT**<br><br>**FRCP 56**<br><br>Date:   May 6, 2010<br>Time:   8:00 AM<br><br>Courtroom 9, 19th Floor<br><br>The Honorable William Alsup |

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DECLARATION OF TRAVIS R. WALL IN SUPPORTOF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

I, Travis R. Wall, declare:

1. I am an attorney with the law firm of Barger & Wolen, LLP, attorneys of record for defendant New York Life Investment Management LLC ("NYL Investments"). I make this declaration in support of defendant's motion for summary judgment or, in the alternative, partial summary judgment. I have personal knowledge of the facts declared herein and if called upon to testify can and will competently testify thereto.

2. During discovery in this action, NYL Investments produced the Investment Advisory Agreement between Terra Insurance Company ("Terra") and Towneley Capital Management, Inc. ("Towneley"), dated June 21, 1989. A true and correct copy of the agreement bates stamped NYLIM4174 – 4177 is attached hereto as Exhibit 1.

3. During discovery in this action, Terra produced a letter from Wesley McCain of Towneley to David Coduto announcing the acquisition of Towneley by NYL Investments. A true and correct copy of this October 11, 2000 letter bates stamped TERRA0005195 – 0005196 is attached hereto as Exhibit 2.

4. During discovery in this action, Terra produced an Investment Review of its portfolio prepared by Valuation Metrics, dated July 10, 2001. A true and correct copy of the relevant portions of the review bates stamped TERRA 0003551 – 0003579 is attached hereto as Exhibit 3.

5. During discovery in this action, NYL Investments produced a letter from David Coduto to Wesley McCain and Joan Sabella regarding management of Terra's portfolio. A true and correct copy of this January 17, 2003 letter bates stamped NYLIM2837 is attached hereto as Exhibit 4.

6. During discovery in this action, NYL Investments produced a letter from Joan Sabella to David Coduto stating that Terra's minimum equity exposure should be 15% to protect against the loss of purchasing power. The letter enclosed a summary of Terra's equity purchases and sales. A true and correct copy of this January 23, 2003 letter and enclosure bates stamped NYLIM2865 – 2873 is attached hereto as Exhibit 5.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

1

DECLARATION OF TRAVIS R. WALL IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

7. During discovery in this action, NYL Investments produced a letter from David Coduto to William Bawden and Jeannette Mitchell discussing FASB115. A true and correct copy of this January 23, 2003 letter bates stamped NYLIM2874 – 2875 is attached hereto as Exhibit 6.

8. During discovery in this action, NYL Investments produced a letter from Joan Sabella to David Coduto notifying Terra of a new policy regarding third party mutual funds. A true and correct copy of this August 30, 2005 letter bates stamped NYLIM2966 is attached hereto as Exhibit 7.

9. During discovery in this action, Terra produced a letter from Joan Sabella to David Coduto attaching a spreadsheet with estimated fees and expenses connected with the MainStay Funds. David Coduto countersigned the letter on behalf of Terra, acknowledging its agreement to the change in policy regarding mutual funds. A true and correct copy of this November 28, 2005 letter bates stamped TERRA 0005333 – 0005337 is attached hereto as Exhibit 8.

10. During discovery in this action, Terra produced a Portfolio Review dated March 14, 2006. A true and correct copy of the relevant portions of this Portfolio Review bates stamped TERRA 0004796- 0004814 is attached hereto as Exhibit 9.

11. During discovery in this action, Terra produced a letter from Joan Sabella to David Coduto and Hal Arditti proposing an asset allocation for Terra's MainStay Funds. A true and correct copy of this March 16, 2006 letter bates stamped TERRA 0008199 – 0008200 is attached hereto as Exhibit 10.

12. During discovery in this action, Terra produced an e-mail exchange between David Coduto and Joan Sabella confirming Coduto's agreement to NYL Investments' proposed asset allocation for Terra's MainStay Funds. A true and correct copy of this e-mail exchange bates stamped TERRA 0009393-0009304 is attached hereto as Exhibit 11.

13. During discovery in this action, NYL Investments produced an e-mail from Terra to Veda Pai-Panandiker attaching Discussion Points for Terra's November 13, 2007 Board of Directors meeting in Phoenix, Arizona. A true and correct copy of the relevant portions of this e-mail and attachment bates stamped NYLIM13188 – 13197 is attached hereto as Exhibit 12.

2

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DECLARATION OF TRAVIS R. WALL IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

14. During discovery in this action, Terra produced a memorandum from David Coduto to the Terra Board of Directors enclosing their package for the November 13, 2007 Board meeting in Phoenix, Arizona. A true and correct copy of this November 7, 2007 memorandum bates stamped TERRA 0007987 – 0007990 is enclosed hereto as Exhibit 13.

15. During discovery in this action, Terra produced a Portfolio Review dated November 13, 2007. A true and correct copy of this Portfolio Review bates stamped TERRA 0004926 – 0004965 is attached hereto as Exhibit 14.

16. During discovery in this action, Terra produced Hal Arditti's handwritten notes from the November 13, 2007 meeting of Terra's Board of Directors. A true and correct copy of the relevant portions of these notes bates stamped TERRA 0007811 – 0007812 is attached hereto as Exhibit 15.

17. During discovery in this action, Terra produced minutes from the Terra Board of Directors meeting held on November 13, 2007. A true and correct copy of those minutes bates stamped TERRA 0007957 – 0007961 is attached hereto as Exhibit 16.

18. During discovery in this action, Terra produced an e-mail exchange between David Coduto and Joan Sabella discussing municipal and corporate bonds. A true and correct copy of this November 27, 2007 e-mail exchange bates stamped TERRA 0009317 is attached hereto as Exhibit 17.

19. During discovery in this action, NYL Investments produced an e-mail from David Coduto to Terra's Board of Directors, and a responding e-mail from James Withiam, regarding advice from A.M. Best. A true and correct copy of this December 7-8, 2007 exchange bates stamped NYLIM 13259 – 13260 is attached hereto as Exhibit 18.

20. During discovery in this action, NYL Investments produced an email from Veda Pai-Panandiker to Terra's Board of Directors, and a responding e-mail, from Tim Dunne regarding NYL Investments' quarterly economic updates. A true and correct copy of this December 12, 2007 e-mail exchange bates stamped NYLIM1314 – 1318 is attached hereto as Exhibit 19.

21. During discovery in this action, NYL Investments produced an email from Veda Pai-Panandiker to Terra's Board of Directors, and a responding e-mail from James Withiam,

regarding NYL Investments' quarterly economic updates. The e-mail chain came from NYL Investments' files. A true and correct copy of this December 12-13, 2007 exchange bates stamped NYLIM0942 is attached hereto as Exhibit 20.

22. During discovery in this action, NYL Investments produced a Quarterly Investment Report for Terra's portfolio as of December 31, 2007. A true and correct copy of this report bates stamped NYLIM0263 – 0291 is attached hereto as Exhibit 21. This report was taken from Plaintiff's Exhibit 4.

23. During discovery in this action, NYLIM produced an e-mail exchange involving Scott Stone, Joshua Partlow and Joan Sabella regarding a January 24, 2008 investment impairment analysis drafted by Stone. The e-mail chain and attachment came from NYL Investments' files. A true and correct copy of this January 24-25, 2008 exchange and the analysis bates stamped NYLIM 13372 – 13374 is attached hereto as Exhibit 22. Also part of Exhibit 22 is a true and correct copy of Defendant's Exhibit 1027, which contains the impairment analysis and an e-mail exchange between Mr. Stone and Mr. Partlow.

24. During discovery in this action, Terra produced an e-mail exchange between David Coduto and Joshua Partlow regarding the appropriate level of equities in a portfolio for risk retention groups. A true and correct copy of the relevant portions of this February 11-12, 2008 exchange bates stamped TERRA 0010653 - 0010654 is attached hereto as Exhibit 23.

25. During discovery in this action, Terra produced an e-mail exchange between David Coduto and Wesley McCain in which McCain attached inflation charts. A true and correct copy of this February 25-27, 2008 exchange and attachments bates stamped TERRA 0011632 – 0011642 is attached hereto as Exhibit 24.

26. During discovery in this action, NYLIM produced a MainStay Investments Economic and Market Review for the Fourth Quarter 2007. A true and correct copy of this review bates stamped NYLIM26776 – 26779 is attached hereto as Exhibit 25.

27. During discovery in this action, Terra produced materials that were distributed to Terra Board members in advance of the March 11, 2008 Board of Directors meeting. A true and

BARGER & WOLEN LLP
660 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DECLARATION OF TRAVIS R. WALL IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

correct copy of the Board materials bates stamped TERRA 0007913 – 0007950 is attached hereto as Exhibit 26.

28. During discovery in this action, Terra produced a Portfolio Review dated March 11, 2008. A true and correct copy of this Portfolio Review bates stamped TERRA 0005057 – 0005096 is attached hereto as Exhibit 27.

29. During discovery in this action, Terra produced Bill Knapp's February 2008 Market and Economic Overview. A true and correct copy of the overview bates stamped NYLIM21481 – 21510 is attached hereto as Exhibit 28.

30. During discovery in this action, Terra produced Hal Arditti's handwritten notes from the March 11, 2008 Terra Board of Directors meeting. A true and correct copy of the relevant portions of these notes bates stamped TERRA 0007821 – 0007822 is attached hereto as Exhibit 29.

31. During discovery in this action, Terra produced minutes from the March 11, 2008 meeting of its Board of Directors. A true and correct copy of these minutes bates stamped TERRA 0008043 – 8047 is attached hereto as Exhibit 30.

32. During discovery in this action, Johnson Lambert & Co. LLP produced a letter through Terra's counsel bearing the signatures of David Coduto, Hal Arditti and Scott Stone. A true and correct copy of this March 12, 2008 letter bates stamped JL 00744 – 00747 is attached hereto as Exhibit 31.

33. During discovery in this action, NYL Investments produced an e-mail from Joan Sabella to David Coduto attaching articles on asset allocation. A true and correct copy of this March 13, 2008 email and attachments bates stamped NYLIM1275 – 1313 is attached hereto as Exhibit 32.

34. During discovery in this action, NYL Investments produced an e-mail from David Coduto to Wesley McCain regarding Terra's decision to hire NYL Investments for one more year. A true and correct copy of this March 11, 2008 e-mail bates stamped TERRA 0011644 is attached hereto as Exhibit 33.

5

DECLARATION OF TRAVIS R. WALL IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

35. During discovery in this action, Terra produced an e-mail exchange between David Coduto and John Bachner. A true and correct copy of this March 9-17, 2008 exchange bates stamped TERRA 0010609 is attached hereto as Exhibit 34.

36. During discovery in this action, Terra produced an e-mail from Hal Arditti to Joan Sabella and Veda Pai-Panandiker requesting early receipt of Terra's March 31, 2008 financial statements. A true and correct copy of this March 19, 2008 e-mail bates stamped TERRA 0009721 is attached hereto as Exhibit 35.

37. During discovery in this action, NYL investments produced the MainStay Investments Economic and Market Review for the First Quarter 2008. A true and correct copy of this review is bates stamped NYLIM26784 – 26787 is attached hereto as Exhibit 36.

38. During discovery in this action, NYL Investments produced an e-mail from Joan Sabella to Veda Pai-Panandiker attaching a spreadsheet regarding Terra's asset allocation. A true and correct copy of this e-mail and attachment bates stamped NYLIM21812 – 21814 is attached hereto as Exhibit 37.

39. During discovery in this action, NYL Investments produced a note regarding a May 6, 2008 phone conference with Terra. Participants were Joan Sabella, Joy Booker, Pratyusha Challa, William Knapp, David Coduto and Hal Arditti. A true and correct copy of the note bates stamped NYLIM22020 is attached hereto as Exhibit 38.

40. During discovery in this action, Terra produced an e-mail exchange between David Coduto and Wesley McCain regarding Towneley managing Terra's portfolio. A true and correct copy of this May 21, 2008 exchange bates stamped TERRA 0011655 is attached hereto as Exhibit 39.

41. During discovery in this action, NYL Investments produced an e-mail exchange between David Coduto and Veda Pai-Panandiker scheduling a conference call. A true and correct copy of this June 4, 2008 exchange bates stamped TERRA 0008382 is attached hereto as Exhibit 40.

42. During discovery in this action, NYL Investments produced a MainStay Investments Economic and Market Review from the Second Quarter 2008. A true and correct copy of this review bates stamped NYLIM 26792 – 26795 is attached hereto as Exhibit 41.

43. During discovery in this action, Terra produced an e-mail exchange in which Towneley sent Terra a study on market timing. A true and correct copy of the relevant portions of this July 15, 2008 exchange bates stamped TERRA 0011681 – 0011717 is attached hereto as Exhibit 42.

44. During discovery in this action, Terra produced Discussion Points and other materials from the July 29-30, 2008 meeting of the Terra Board of Directors. A true and correct copy of these Board materials bates stamped TERRA 0007962 – 0007968 is attached hereto as Exhibit 43.

45. During discovery in this action, Terra produced minutes from the meeting of its Board of Directors held on July 29-30, 2008. A true and correct copy of those minutes bates stamped TERRA 0011031 – 0011035 is attached hereto as Exhibit 44.

46. During discovery in this action, Terra produced handwritten notes taken by Gary DeJidas, a member of Terra's Board of Directors, during the July 29, 2008 Board meeting. A true and correct copy of the relevant portions of those notes bates stamped DEJIDAS 007 – 009 is attached hereto as Exhibit 45.

47. During discovery in this action, Terra produced handwritten notes of a September 29, 2008 conference call between Terra and NYL Investments. A true and correct copy of those notes bates stamped TERRA 0010807 is attached hereto as Exhibit 46.

48. During discovery in this action, Terra produced handwritten notes from a September 30, 2008 conference call between Terra and NYL Investments. A true and correct copy of those notes bates stamped TERRA 0008005 – 0008008 is attached hereto as Exhibit 47.

49. During discovery in this action, Terra produced handwritten notes from a September 30, 2008 conference call between David Coduto and Wesley McCain. A true and correct copy of those notes bates stamped TERRA 0008063 is attached hereto as Exhibit 48.

7

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DECLARATION OF TRAVIS R. WALL IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

50. During discovery in this action, Terra produced a draft letter from David Coduto to Joan Sabella expressing his disappointment with NYL Investments' performance. A true and correct copy of the October 10, 2008 letter bates stamped TERRA 0010743 – 0010744 is attached hereto as Exhibit 49.

51. During discovery in this action, Terra produced an e-mail exchange between David Coduto, Hal Arditti and Wesley McCain regarding Towneley taking over management of Terra's portfolio. A true and correct copy of this October 14-16 exchange bates stamped TERRA 000155 is attached hereto as exhibit 50.

52. During discovery in this action, NYLIM produced a letter from David Coduto to Joan Sabella expressing his disappointment with NYL Investments' performance. A true and correct copy of that October 20, 2008 letter bates stamped NYLIM2981 – 2982 is attached hereto as Exhibit 51.

53. During discovery in this action, Terra produced a letter from Tony Elavia to David Coduto stating that NYL Investments has managed Terra's account in accordance with the portfolio's investment guidelines. A true and correct copy of the October 28, 2008 letter bates stamped TERRA 0008050 – 0008051 is attached hereto as Exhibit 52.

54. During discovery in this action, Terra produced an e-mail from David Coduto to Tony Elavia directing NYL Investments to liquidate Terra's MainStay Funds. A true and correct copy of this November 10, 2008 e-mail bates stamped TERRA 0005282 – 0005283 is attached hereto as Exhibit 53.

55. During discovery in this action, NYLIM produced a letter from Tony Elavia to David Coduto providing 30 days written notice of termination of the Investment Advisory Agreement. A true and correct copy of the November 11, 2008 letter bates stamped NYLIM2986 is attached hereto as Exhibit 54.

56. During discovery in this action, Terra produced a Monthly Investment report for its portfolio as of November 30, 2008. A true and correct copy of the relevant portions of the report bates stamped TERRA 0003503 – 0003505 are attached hereto as Exhibit 55. This excerpt was taken from Plaintiff's Exhibit 4.

8

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DECLARATION OF TRAVIS R. WALL IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

57. During discovery in this action, Terra produced an e-mail exchange between David Coduto and Joshua Partlow regarding asset allocation and losses to Terra's portfolio. A true and correct copy of the relevant portions of the February 3, 2009 exchange bates stamped TERRA 0010619 is attached hereto as Exhibit 56.

58. During discovery in this action, Terra produced a draft of minutes of the Meeting of the board of Directors held on November 4, 2008. A true and correct copy of the relevant portions of those draft minutes bates stamped TERRA 0008033 – 0008034 is attached hereto as Exhibit 57.

59. During discovery in this action, NYL Investments produced the Investment Advisory Agreement between Terra and Towneley, dated December 11, 2008. A true and correct copy of the agreement bates stamped 000546 – 000577 is attached hereto as Exhibit 58.

60. During discovery in this action, NYL Investments produced a special report contained within New York Life Insurance Company's ("New York Life") 2007 Annual Report. A true and correct copy of the report bates stamped NYLIM4520 – 4569 is attached hereto as Exhibit 59.

61. During discovery in this action, Terra produced the Uniform Application for Investment Advisor Registration filled out by NYL Investments. A true and correct copy of the form bates stamped TERRA 0005342 – 0005362 is attached hereto as Exhibit 60.

62. Terra made supplemental initial disclosures, including a calculation of damages, on August 10, 2009. A true and correct copy of Terra's supplemental disclosures is attached hereto as Exhibit 61.

63. Terra responded to NYL Investment's First Set of Special Interrogatories on September 9, 2009. A true and correct copy of Terra's responses is attached hereto as Exhibit 62.

64. Terra responded to NYL Investment's Second Set of Special Interrogatories on March 8, 2010. A true and correct coy of Terra's responses is attached hereto as Exhibit 63.

65. Terra responded to NYL Investment's First Set of Requests for Admission on March 8, 2010. A true and correct copy of the relevant portions of those responses is attached hereto as Exhibit 64.

9

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DECLARATION OF TRAVIS R. WALL IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

66. Attached hereto as Exhibit 65 are excerpts from a true and correct copy of the Expert Report of Meir Statman, Ph.D. The excerpts include Exhibit 2A to the report, entitled "Comparison of S&P 500 on December 31, 2008 to Economists' Forecasts Prepared in Late 2007," as well as Exhibit 2B to the report, entitled Comparison of Dow Jones Industrial Average on December 31, 2008 to Economists' Forecasts Prepared in Late 2007." The aforementioned two excerpts demonstrate that William Knapp's economic forecast in late 2007 was within the range of predictions being offered by economists at the time.

67. During discovery in this action, nonparty New York Life produced an e-mail from Arthur Seter to Robert Rock, Irwin Silber, Janis C. Rubin, Joel M. Steinberg, Pak K. Ng, Amanda M. Armstrong, and Pamela Stewart regarding the Quality Tilt. A true and correct copy of the January 2, 2007 e-mail bates stamped NYLIC 00005 is attached hereto as Exhibit 66.

68. During discovery in this action, nonparty New York Life produced an email from Amanda M. Armstrong to Arthur Seter and Pamela Stewart attaching minutes to a meeting related to the Quality Tilt. A true and correct copy of the January 8, 2007 e-mail bates stamped NYLIC 00035 – 00036 is attached hereto as Exhibit 67.

69. During discovery in this action, nonparty New York Life produced an e-mail from Arthur Seter to Gary Wendlandt regarding circulation of the Quality Tilt memorandum. A true and correct copy of the January 10, 2007 e-mail bates stamped 0005 is attached hereto as Exhibit 68.

70. During discovery in this action, NYL Investments produced e-mails sent by Arthur Seter and Thomas McArdle to a large group of people regarding the Quality Tilt. A true and correct copy of those January 10-11, 2007 emails bates stamped NYLIM26637 is attached hereto as Exhibit 69.

71. During discovery in this action, NYL Investments produced an e-mail from Arthur Seter to Chris Blunt, Patrick Boyle, Frank Ollari, Joel M. Steinberg and Robert Rock attaching Gary Wendlandt's memorandum on the Quality Tilt. A true and correct copy of the April 23, 2007 e-mail and attachment bates stamped NYLIM28791 – 28801 is attached hereto as Exhibit 70.

72. During discovery in this action, NYL Investments produced the Investment Advisory Agreement between NYL Investments and New York Life, dated April 1, 2000. A true

and correct copy of the agreement bates stamped NYLIM 28823 – 28835 is attached hereto as Exhibit 71.

73. On October 13, 2009, the deposition of David Coduto was taken in San Francisco, California. Attached hereto as Exhibit 72 are excerpts from a true and correct copy of David Coduto's deposition transcript.

74. On October 14, 2009, the deposition of Hal Arditti was taken in San Francisco, California. Attached hereto as Exhibit 73 are excerpts from a true and correct copy of Hal Arditti's deposition transcript.

75. On November 12, 2009, the deposition of Veda Pai-Panandiker was taken in New York, New York. Attached hereto as Exhibit 74 are excerpts from a true and correct copy of Veda Pai-Panandider's deposition transcript.

76. On November 13, 2009, the deposition of William Knapp was taken in New York, New York. Attached hereto as Exhibit 75 are excerpts from a true and correct copy of William Knapp's deposition transcript.

77. On November 17, 2009, the deposition of James Withiam was taken in San Francisco, California. Attached here as Exhibit 76 are excerpts from a true and correct copy of James Withiam's deposition transcript.

78. On December 8, 2009, the deposition of Thomas McArdle was taken in New York, New York. Attached here as Exhibit 77 are excerpts from a true and correct copy of Thomas McArdle's deposition transcript.

79. On December 15, 2009, the deposition of Tony Elavia was taken in New York, New York. Attached hereto as Exhibit 78 are excerpts from a true and correct copy of Tony Elavia's deposition transcript.

80. On December 17, 2009, the deposition of Arthur Seter was taken in New York, New York. Attached hereto as Exhibit 79 are excerpts from a true and correct copy of Arthur Seter's deposition transcript.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

11

DECLARATION OF TRAVIS R. WALL IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

81. On January 7, 2010, the deposition of Timothy Dunne was taken in Oxnard, California. Attached hereto as Exhibit 80 are excerpts from a true and correct copy of Timothy Dunne's deposition transcript.

82. On January 12, 2010, the deposition of Daniel Longo was taken in Homestead, Pennsylvania. Attached hereto as Exhibit 81 are excerpts from a true and correct copy of Daniel Longo's deposition transcript.

83. On January 13, 2010, the deposition of Argo Parrello was taken in Homestead, Pennsylvania. Attached hereto as Exhibit 82 are excerpts from a true and correct copy of Argo Parrello's deposition transcript.

84. On January 14-15, 2010, the deposition of R. David Charles was taken in Homestead, Pennsylvania. Attached hereto as Exhibit 83 are excerpts from a true and correct copy of the first and second volume of R. David Charles' deposition transcript.

85. On January 14, 2010, the deposition of Gary DeJidas was taken in Homestead, Pennsylvania. Attached hereto as Exhibit 84 are excerpts from a true and correct copy of Gary DeJidas' deposition transcript.

86. On January 15, 2010, the deposition of Andrew Sargeant was taken in Homestead, Pennsylvania. Attached hereto as Exhibit 85 are excerpts from a true and correct copy of Andrew Sargeant's deposition transcript.

87. On February 3, 2010, the deposition of Wesley McCain was taken in New York, New York. Attached hereto as Exhibit 86 are excerpts from a true and correct copy of Wesley McCain's deposition transcript.

88. On February 8, 2010, the deposition of Joshua Partlow was taken in Burlington, Vermont. Attached hereto as Exhibit 87 are excerpts from a true and correct copy of Joshua Partlow's deposition transcript.

89. On February 10, 2010, the deposition of Scott Stone was taken in Burlington, Vermont. Attached hereto as Exhibit 88 are excerpts from a true and correct copy of Scott Stone's deposition transcript.

12

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DECLARATION OF TRAVIS R. WALL IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

90. On February 23, 2010, the deposition of Pratyusha Challa was taken in New York, New York. Attached hereto as Exhibit 89 are excerpts from a true and correct copy of Pratyusha Challa's deposition transcript.

91. On February 24, 2010, the deposition of Gary Wendlandt was taken in New York, New York. Attached hereto as Exhibit 90 are excerpts from a true and correct copy of Gary Wendlandt's deposition transcript.

92. On February 25, 2010, the deposition of Frank Ollari was taken in New York, New York. Attached hereto as Exhibit 91 are true and correct copies of Frank Ollari's deposition transcript.

93. Attached to the concurrently filed Request for Judicial Notice in Support of Defendant's Motion for Summary Judgment ("Request for Judicial Notice") as Exhibit A is a true and correct copy of the November 2007 NABE Outlook Survey, available at available on the National Association of Business Economics website at http://www.nabe.com/surveys.htm.

94. Attached to Defendant's Request for Judicial Notice as Exhibit B is a true and correct copy of the February 2008 NABE Outlook Survey, available on the National Association of Business Economics website at http://www.nabe.com/surveys.htm.

95. Attached to Defendant's Request for Judicial Notice as Exhibit C is a true and correct copy of the December 20, 2007 *BusinessWeek* article entitled "Where to Put Your Cash in 2008." I downloaded the article from the *BusinessWeek* website at www.businessweek.com/magazine/content/07_53/b4065044241066.htm on March 31, 2010.

96. Attached to Defendant's Request for Judicial Notice as Exhibit D is a true and correct copy of the December 20, 2007 *BusinessWeek* article entitled "What the Pros Are Saying." I downloaded the article from the *BusinessWeek* website at www.businessweek.com/magazine/content/07_53/b4065044231464.htm on March 31, 2010.

97. Attached to Defendant's Request for Judicial Notice as Exhibit E is a true and correct copy of the CFA Institute Centre for Financial Market Integrity, Asset Manager Code of Professional Conduct, 2005, pp.1-6. The attached pages include a section stating that an asset manager must preserve the confidentiality of information communicated by clients.

98. Attached to Defendant's Request for Judicial Notice as Exhibit F is a true and correct copy of the CFA Institute Standards of Practice Handbook, Ninth Edition, 2005, p.69. The attached page states that an investment advisor must make a suitability determination before offering advice to a client.

99. Attached to Defendant's Request for Judicial Notice as Exhibit G are true and correct copies of charts and spreadsheets related to the Dow Jones Industrial Average. I downloaded the charts and spreadsheets from the Yahoo! Finance Website at http://finance.yahoo.com/q?s=%5EDJI on March 31, 2010.

100. Attached to Defendant's Request for Judicial Notice as Exhibit H are true and correct copies of charts and spreadsheets related to the S&P 500 Index. I downloaded the charts and spreadsheets from the Yahoo! Finance Website at http://finance.yahoo.com/q?s=5EGSPC on March 31, 2010.

101. Attached to Defendant's Request for Judicial Notice as Exhibit I are true and correct copies of charts and spreadsheets related to the Russell 3000 Index. I downloaded the charts and spreadsheets from the Yahoo! Finance Website at http://finance.yahoo.com/q?s=5ERUA on March 31, 2010.

102. Attached to Defendant's Request for Judicial Notice as Exhibit J are true and correct copies of charts related to the EAFE Index. I downloaded the charts and spreadsheets from the Morgan Stanley Capital International website at http://www.mscibarra.com/products/indices/international_equity_indices/gimi/stdindex/performance.html on March 31, 2010.

103. Terra has offered no evidence in this action demonstrating that any of its representatives or agents ever inquired about, or even expressed interest in, New York Life's investment portfolio, investment strategy, approach to asset allocation or New York Life's forecasts or research relating to the direction of the U.S. economy.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

14
DECLARATION OF TRAVIS R. WALL IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 1, 2010, in San Francisco, California.

_____
Travis R. Wall